IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| GLORIA WELLS,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF GALLATIN, SHERIFFS DEPARTMENT, SHERIFF, DETENTION FACILITY, COUNTY ATTORNEY, MISSOURI RIVER DRUG TASK FORCE, JANE AND JOHN DOES et al, INDIVIDUALLY AND IN THEIR OWN CAPACITY,<br><br>Defendants. | CV 13-0091-BU-DWM-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Gloria Wells' Complaint and Motion to Proceed in Forma Pauperis. (Docs. 1, 4.)

**I. Motion to Proceed in Forma Pauperis**

Wells submitted the form Motion to Proceed in Forma Pauperis wherein she indicates she is currently unemployed and has $15.00 in her bank accounts. (Doc. 4 at 2.) This application is sufficient to make the showing required by 28 U.S.C. § 1915(a). It appears Wells lacks sufficient funds to prosecute this action. The Motion to Proceed in Forma Pauperis will be granted.

1

## II. Statement of Case

### A. Parties

Wells is proceeding without counsel. The named Defendants are: the County of Gallatin, Sheriff's Department, Sheriff, Detention Facility, County Attorney, Missouri River Drug Task Force, and Jane and John Does. (Doc. 1 at 1.)

### B. Allegations

Wells alleges she was incarcerated in the Gallatin County jail for 393 days without legal authority per Judge John Brown. She lists general allegations of illegal search and seizure, illegal recording devices, no access to law books while incarcerated, total abuse of discretion by law enforcement, abuse of power by law enforcement, outrageous conduct by law enforcement, violation of oath of office by Gallatin County Attorney for failure to uphold the Constitution of the United States and the State of Montana Constitution. (Complaint, Doc. 1 at 1.)[1] Wells alleges that eight illegal felony charges against her were dismissed after she had been held in the Gallatin County Jail for 393 days. (Complaint, Doc. 1 at 2.) She also complains that her personal property was lost after law enforcement officers

---

[1]The Court received a four-page Complaint from Wells with pages numbered 1, 3, 5, 7. It appears that pages 2, 4 and 6 were inadvertently not submitted. The Court's citations to the pages in the Complaint refer to the page numbers assigned by CMECF.

left her property unsecured. (Complaint, Doc. 1 at 3.) Wells alleges she is filing this case based upon Judge John Brown's conclusion and dismissal of felony charges due to lack of speedy trial. (Complaint, Doc. 1 at 4.)

Wells does not set forth the dates of her incarceration in her Complaint. But the claims raised in Wells' Complaint were previously brought before this Court in 2011. *See Civil Action No. 11-cv-00069-BU-RFC.* In that case, Wells alleged false arrest, false imprisonment, and malicious prosecution regarding her arrest in May 2008 and detention until March 2010. According to the Complaint filed in that earlier case, Wells was held for thirteen months in the Gallatin County Jail until the charges against her were dismissed on March 20, 2010 for lack of speedy trial. *Civil Action No. 11-cv-00069-BU-RFC, Doc. 2 at 6.*

### III. Prescreening

#### A. Standard

Wells is proceeding in forma pauperis so her Complaint is reviewed under 28 U.S.C. § 1915. Section 1915(e)(2)(B) allows for the dismissal of a complaint filed in forma pauperis complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**B. Analysis**

Wells' claims are barred by the applicable statute of limitations. There is a three-year statute of limitations applicable to Section 1983 cases in Montana. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Mont. Code Ann.* § 27-2-204(1). This case was filed on December 18, 2013, so any claims arising prior to December 18, 2010 are barred by the statute of limitations. Because Wells' incarceration in Gallatin County ended in March 2010, her claims regarding her incarceration are barred by the applicable statute of limitations. These are not defects which could be cured by the allegation of additional facts. The Complaint should be dismissed.

## Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the
district-court action, or who was determined to be financially unable
to obtain an adequate defense in a criminal case, may proceed on
appeal in forma pauperis without further authorization, unless:
(A) the district court-before or after the notice of appeal is
filed-certifies that the appeal is not taken in good faith or finds that the
party is not otherwise entitled to proceed in forma pauperis and states
in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *Coppedge v. United States*,

369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. The Court should certify that any appeal of this matter would not be taken in good faith.

## Address Changes

At all times during the pendency of this action, Wells SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## ORDER

1. Wells' Motion to Proceed in Forma Pauperis (Doc. 4) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on

December 18, 2013.

Further, the Court issues the following:

**RECOMMENDATIONS**

1. The Complaint (Doc. 1) should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Wells may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this the 7th day of February, 2014.

                                               */s/ Jeremiah C. Lynch*
                                               Jeremiah C. Lynch
                                               United States Magistrate Judge